# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIFFANY BETH KELLER, <br><br> Defendant. | Civil Action No. 2:22-cv-2141 |

## COMPLAINT FOR
## PERMANENT INJUNCTIVE RELIEF

1. The United States of America brings this civil action for permanent injunctive relief against Tiffany Beth Keller ("Defendant") under Section 1140 of the Social Security Act, 42 U.S.C. § 1320b-10, to prevent Defendant from reproducing, reprinting, and distributing unauthorized Centers for Disease Control and Prevention ("CDC") COVID-19 Vaccination Record Cards to the public for a fee.

2. In late 2019, the novel, highly contagious coronavirus 2019 (COVID-19) began to sweep its way across the world. On or about January 31, 2020, the Secretary of the U.S. Department of Health and Human Services ("HHS") declared a national public health emergency under 42 U.S.C. § 247d as a result of the spread of SARS-CoV-2, the virus that causes COVID-19, within the United States. Subsequently, in March 2020, the World Health Organization declared the SARS-CoV-2 outbreak a pandemic.

3. To combat this pandemic, the U.S. government invested substantial resources into pharmaceutical and biotechnology companies for the development, manufacturing, and distribution of COVID-19 vaccines. Due to the urgent need for vaccines, beginning in December

2020, the U.S. Food and Drug Administration's (FDA) gave emergency use authorizations for three COVID-19 vaccines—the Pfizer-BioNTech COVID-19 Vaccine on December 11, 2020, the Moderna COVID-19 Vaccine on December 18, 2020 and the Janssen COVID-19 Vaccine on February 27, 2021.

4. In furtherance of its function, and to protect the public health, the CDC, an agency within HHS, established the CDC COVID-19 Vaccination Program (CDC Vaccination Program). As part of the CDC Vaccination Program, the CDC authorized and distributed COVID-19 Vaccination Record Cards with each shipment of COVID-19 vaccine doses to enrolled health care providers who, in turn, were required to accurately complete the vaccination record cards at the time of COVID-19 vaccination and provided them to each recipient of a COVID-19 vaccine. This card is used to identify an individual as having been vaccinated against COVID-19.

5. A COVID-19 Vaccination Record Card created and distributed by the CDC is a form, application, or other publication of HHS.

6. Defendant is violating 42 U.S.C. § 1320b-10(a)(2)(B) by offering for sale unauthorized and reproduced CDC COVID-19 Vaccination Record Cards without the express permission of HHS. The United States seeks injunctive relief to stop Defendant from continuing to reproduce and sell CDC COVID-19 Vaccination Record Cards and prevent Defendant from disposing of assets that may be required to pay a civil money penalty. *See* 28 U.S.C. § 1320a-7a(k).

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in this district as Defendant resides in and at all relevant times transacted business in this district. *See* 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 1320a-7a(k); 1320b-10(c).

## THE PARTIES

9. Plaintiff, the United States of America, acting through the HHS promotes and protects the public health of all Americans.

10. Defendant is a resident of Junction City, Ohio, which is located in this District.

## STATUTORY AND REGULATORY FRAMEWORK

11. Section 1140 of the Social Security Act (the "Act"), 42 U.S.C. § 1320b-10, states that "No person may, for a fee, reproduce, reprint, or distribute any item consisting of a form, application, or other publication of the HHS unless such person has obtained specific, written authorization for such activity in accordance with regulations which the Secretary shall prescribe." 42 U.S.C. § 1320b-10(a)(2)(B).

12. HHS may enforce Section 1140's prohibition on the sale of any unauthorized HHS form, application or other publication by imposing civil money penalties through its Office of the Inspector General ("OIG"). *See* 42 U.S.C. § 1320b-10(c)(l).

13. HHS OIG may impose a civil money penalty of up to $11,506 for each violation involving the unauthorized reproduction, reprinting, or distribution of an HHS form, application or other publication. *See* 42 U.S.C. §1320b-10(b) as adjusted by 45 C.F.R. Part 10.

14. The administrative procedures governing HHS OIG's imposition of civil money penalties under Section 1140 are set forth at 42 C.F.R. § 1005.

15. These regulations provide that a party may appeal HHS OIG's imposition of civil money penalties under Section 1140 to an Administrative Law Judge ("ALJ"). *See* 42 C.F.R. § 1005.2.

16. After conducting a hearing and developing a record, the ALJ will issue an initial decision which may affirm, increase, or reduce the civil money penalties imposed by HHS OIG. *See* 42 C.F.R. § 1005.20.

17. The ALJ's decision may be appealed to the Departmental Appeals Board ("DAB"). *See* 42 C.F.R. § 1005.21.

18. The DAB's final determination regarding civil money penalties may be appealed to the U.S. Court of Appeals in which the person resides. *See* 42 U.S.C. § 1320a-7a(e).

19. Civil money penalties imposed against a person for violations involving the unauthorized reproduction, reprinting, or distribution of an HHS form, application or other publication may also be an amount agreed upon in compromise with HHS OIG. *See* 42 U.S.C. §§ 1320a-7a and 1320b-10(c).

20. The United States may also seek preliminary and permanent injunctive relief against any person who has engaged or is engaging in violations of Section 1140 that would subject that person to a civil money penalty. *See* 42 U.S.C. §§ 1320a-7a(k) and 1320b-10(c)(l). Specifically, if the United States has identified any person who has engaged or is engaging in violations of Section 1140 that would subject that person to a civil money penalty, it may bring an action in an appropriate district court of the United States to stop such violations. And the United States may also seek to enjoin the person from disposing of assets which may be required in order to pay a civil money penalty if any civil money penalty were to be imposed. *See* 42 U.S.C. § 1320a-7a(k).

### FACTUAL ALLEGATIONS

21. The CDC, an agency of HHS, authorized and distributed COVID-19 Vaccination Record Cards to assist with documenting COVID-19 vaccinations. All COVID-19 vaccination providers are required to provide vaccine recipients with an official CDC COVID-19 Vaccination

Record Card. This card, which it titled "COVID-19 Vaccination Record Card," lists the name of the COVID-19 vaccine recipient, their date of birth, patient number, the name of the COVID-19 vaccine manufacturer for each dose received, lot numbers of each dose received, the date of administration of each dose, and the location where was administered. The CDC distributes these cards to health care providers who, in turn, distribute them to members of the public who have received COVID-19 vaccines.

22. A COVID-19 Vaccination Record Card is a form, application, or other publication of the Department of Health and Human Service and cannot be reproduced, reprinted, or distributed for a fee absent HHS written authorization. HHS has not provided such authorization to Defendant.

23. Defendant has reproduced, reprinted, and offered for sale to the public unauthorized and fake CDC COVID-19 Vaccination Record Cards.

24. In or around May 2021, in response to questions on a blogpost about creating fake CDC COVID-19 Vaccination Record Cards, a user named "Jane" offered to print cards for another user and provided an email address at which she could be contacted. After her offer, a number of other users expressed interest in acquiring cards from "Jane," including one who asked "How much are you charging[]?" and another asked "Jane" to print cards and said "I will pay you."

25. The email provided in "Jane's" post is used and controlled by Defendant.

26. On or about February 10, 2022, an Investigator working with HHS OIG and the United States Department of Justice sent an email to the email address provided in the comments section of the blogpost asking if the Defendant could print fake CDC COVID-19 Vaccination Record Cards and indicated willingness to pay for the cards by stating, "will $."

27. On or about February 11, 2022, the Defendant responded to the Investigator, telling them to "look for an email from Mitzi." And less than 30 minutes later, the Investigator received

an email from an email address containing the name "mitzi13." This email account is operated by Defendant.

28. The subject of the email was "About the cards you wanted to order." Defendant offered the unauthorized and fake CDC COVID-19 Vaccination Record Cards for $40 each, plus $7.95 for shipping.

29. Defendant made clear she was offering "replica" cards—not genuine CDC COVID-19 Vaccination Record Cards.

30. Defendant directed potential customers to pay via "Venmo, Cashapp and bitcoin," and in return, Defendant would send via priority mail the fake cards. The Venmo username to which potential buyers were directed was similar to the email address used to offer fake CDC COVID-19 Vaccination Record Cards for sale—-it contained the word "mitzi."

31. Both the Venmo account and the phone number associated with the Venmo account containing the word Mitzi can be traced to Defendant.

32. Certain "Notes" associated with payments made to Defendant through Venmo make clear Defendant was selling unauthorized and fake CDC COVID-19 Vaccination Record Cards. For example, on January 22, 2022, Defendant received a $47.95 payment, with the note "Empty Card" accompanying the payment. In other instances, Defendant received payments with Notes stating "4 cards + shipping," "2 cards", and "Paying 120.00 (For 3) + 8.15 = 128.15."

33. The United States has identified more than seventy-seven (77) separate violations of Section 1140 by the Defendant from August 2021 to February 2022.

34. Defendant knew she was not authorized by HHS to reproduce, reprint, or otherwise distribute CDC COVID-19 Vaccination Record Cards

35. Pursuant to 42 U.S.C. § 1320b-10(b) as adjusted by 45 C.F.R. Part 102, HHS OIG is authorized to impose a civil money penalty of up to $11,506 for each violation involving the

reproduction, reprinting, or distribution of COVID-19 Vaccination Record Cards. Therefore, Defendant could be liable for a civil penalty exceeding $885,962.

36. If the United States requires Judicial involvement to enforcement the payment of any imposed civil money penalty imposed by the Inspector General, HHS, the United States shall return to this Court at the appropriate time.

## CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

37. The United States repeats and re-alleges the allegations contained in the Paragraphs above as if fully set forth herein.

38. The reproduction, reprinting, or distribution of COVID-19 Vaccination Record Cards for a fee is prohibited absent specific, written authorization from HHS for such activity. *See* 42 U.S.C. § 1320b-10(a)(2)(B).

39. Defendant has repeatedly violated 42 U.S.C. § 1320b-10(a)(2)(B), by reproducing, reprinting, and selling more than seventy-seven (77) CDC COVID-19 Vaccination Record Cards to the public from August 2021 to at least February 2022 without specific, written HHS authorization.

40. Pursuant to 42 U.S.C. §§ 1320b-10(c) and 1320a-7a(k), Courts are expressly authorized to enjoin such violations and to enjoin concealing, removing, encumbering, or disposing of assets which may be required in order to pay a civil money penalty.

41. In the absence of an injunction, Defendant will likely continue to violate 42 U.S.C. § 1320b-10.

## PRAYER FOR RELIEF

42. Pursuant to 42 U.S.C. §§ 1320a-7a(k) and 1320b-10(c)(l), Plaintiff requests that the Court jointly and severally enjoin the Defendant, Defendant's agents, and all other persons and

entities in active concert or participation with Defendant from continuing to violate Section 1140 of the Act—more specifically, from;

    a. engaging in prohibited acts related to the misuse of HHS departmental words, symbols, or emblems as defined by 42 U.S.C. § 1320b-10(a);

    b. reproducing, reprinting or distributing, or causing others to reproduce, reprint or distribute, any fake COVID-19 Vaccination Record Cards and any other item consisting of a form, application, or other publication of HHS;

    c. selling or offering any fake COVID-19 Vaccination Record Cards;

    d. creating, producing, printing, distributing, or selling, any document that purports to verify the vaccination status of any individual;

    e. using any means, including, but not limited to, blogs, social media platforms such as Instagram, Twitter, Facebook, and Tiktok, as platforms to advertise and/or solicit the sale of fake COVID-19 Vaccination Record Cards;

    f. providing advice, guidance, materials or in any way facilitating the reproduction, reprinting, or distribution of any fake COVID-19 Vaccination Record Cards and any other item consisting of a form, application, or other publication of HHS; and

    g. altering, destroying, hiding, secreting, or otherwise disposing of any records relating to their unauthorized reproduction, distribution, and sale of fake CDC COVID-19 Vaccination Record Cards, including but not limited to, customer lists, financial records, emails, text messages, direct messages supported by social media platforms (e.g., Facebook Messenger), voicemails, letters, and any correspondence, whether in document, electronic, or other form.

Dated: May 10, 2022                     **Respectfully submitted,**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

<u>s/ Michael J.T. Downey</u>
**MICHAEL J.T. DOWNEY**, Illinois No. 6312700
Assistant U.S. Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Tel.: (614) 469-5715
Michael.Downey@usdoj.gov


**GUSTAV W. EYLER**
**Director, Consumer Protection Branch**

**JACQUELINE BLAESI-FREED**
**Assistant Director**

<u>s/ Yolanda McCray Jones</u>
**Yolanda McCray Jones**
**Trial Attorney,**
**Consumer Protection Branch**
U.S. Department of Justice
450 5th N.W., Suite 6400-S
Washington D.C., 20001
Tel.: (202) 305-7016
Yolanda.d.mccray.jones@usdoj.gov

**JAMIE ANN YAVELBERG**
**Director, Civil Division, Fraud Section**

**ANDY MAO**
**Deputy Director**

<u>s/ Chris R.B. Reimer</u>
**Christopher R. B. Reimer**
**Trial Attorney,**
**Civil Division, Fraud Section**
U.S Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C., 20044
Tel.: (202) 305-3829
Christopher.r.reimer@usdoj.gov