UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) Civil Action No. 2:22-CV-2141<br>) |
| **TIFFANY BETH KELLER,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

## CONSENT DECREE AND FINAL JUDGEMENT

This matter comes before the Court upon the Joint Stipulation for Entry of Consent Decree ("Stipulation") of the Plaintiff, United States of America ("Plaintiff") and Defendant Tiffany Beth Keller (Plaintiff and Defendant are collectively referred to as the "Parties"). Defendant Tiffany Beth Keller wishes to resolve the matters alleged by Plaintiff without litigation, and therefore agrees that this Court may enter and enforce this Consent Decree and Final Judgement ("the Consent Decree").

The Court, having reviewed the Complaint and Stipulation and finding that Plaintiff brought this action against Defendant pursuant to 42 U.S.C. §§ 1320a-7a(k); 1320b-10(c)(l), alleging that Defendant is violating 42 U.S.C. § 1320b-10(a)(2)(B) by reproducing, reprinting, or distributing Centers for Disease Control and Prevention ("CDC") COVID-19 Vaccination Record Cards to the public for a fee without specific, written authorization, and finding that Defendant has admitted to the factual allegations in the Complaint and waived service of the Summons and the Complaint, and being otherwise fully advised, it is

**HEREBY ORDERED, ADJUDGED and DECREED as follows**:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 1320a-7a(k) and 1320b-10(c).

2. For purposes of the Consent Decree:

    a. "Covered Materials" refers to counterfeit CDC COVID-19 Vaccination Record Cards and any other item consisting of a form, application, or other publication of the Department of Health and Human Service ("HHS") reproduced without HHS permission;

    b. "Defendant" means Tiffany Beth Keller;

    c. "Distribution" refers to the action or process of supplying or sharing something to one or more recipients;

    d. "Reproduction" refers to the process of creating an exact or close imitation of an existing item or object;

3. Defendant, Defendant's agents, and all other persons and entities in active concert or participation with Defendant, are permanently enjoined from:

    a. engaging in prohibited acts related to the misuse of HHS departmental words, symbols, or emblems as defined by 42 U.S.C. § 1320b-10(a);

    b. reproducing, reprinting, distributing, or causing others to reproduce, reprint, or distribute Covered Materials;

    c. selling or offering any Covered Materials;

    d. creating, producing, printing, distributing, or selling, any document that purports to verify the vaccination status of any individual;

  e. using any means, including, but not limited to, blogs, social media platforms such as Instagram, Twitter, Facebook, and Tiktok, as platforms to advertise and/or solicit the sale of Covered Materials; and

  f. providing advice, guidance, materials or in any way facilitating the reproduction, reprinting, or distribution of Covered Materials by another.

 4. Defendant agrees to cooperate fully and truthfully with the United States in connection with any investigation of, and any litigation against, any other individuals and entities. Defendant's ongoing, full, and truthful cooperation shall include, but not be limited to:

  a. upon request by the United States with reasonable notice, providing complete, truthful, and candid disclosures of all non-privileged information and records, whether written, recorded, or electronic in her actual or constructive possession, custody, or control, of evidentiary value or as reasonably required by attorneys and agents of the United States;

  b. upon request by the United States with reasonable notice, producing complete and un-redacted copies of all non-privileged documents related to the conduct alleged in the Complaint wherever located in her possession, custody, or control;

  c. upon request by the United States with reasonable notice, making herself available for interviews in the United States at a mutually convenient time and location; and

  d. if called upon to do so by the United States in connection with any investigation or proceeding, testifying in deposition, trial, and other judicial proceedings, completely, truthfully, candidly, and under oath.

 5. Defendant understands and acknowledges that she may be subject to civil and/or criminal liability (including for contempt) upon a finding by a court that she has violated this Consent Decree.

6. Defendant understands and agrees that the civil monetary penalty ("CMP") agreed upon in compromise with HHS for her violations of 42 U.S.C. § 1320b-10(a)(2)(B) as alleged in the Complaint is Four Hundred Forty Two Thousand Nine Hundred Eighty One Dollars ($442,981) (the "CMP amount").

7. Defendant further understands that HHS has agreed to suspend her obligation to pay the CMP amount contingent upon her adherence to this Consent Decree. Defendant further understand and agrees that, should the United States determine, in its sole discretion, that she has violated this Consent Decree, HHS may lift the suspension and, if necessary, instigate administrative proceedings related to the CMP amount, in addition to seeking any other relief provided by law. Defendant understands as well that the United States may initiate proceedings to collect the CMP amount, in addition to seeking any other relief provided by law.

8. Defendant expressly agrees that the running of any statute of limitations applicable to any HHS administrative proceeding relating to conduct outlined in the Complaint or a proceeding to enforce this Consent Decree is tolled and suspended for six years from the date of this Decree's entry.

9. Defendant also understands and agrees that the Complaint, Joint Stipulation, and this Consent Decree, to include her admissions as to the factual allegations, may be used against her in any HHS administrative proceeding or subsequent judicial proceeding.

10. Within five (5) days of entry of this Consent Decree, Defendant is ordered to provide to Investigator Jason Humbert, a written acknowledgment of receipt of this Consent Decree in person or by U.S. Mail to:

>  Inv. Jason Humbert
>  U.S. Department of Justice,
>  Consumer Protection Branch
>  450 5th Street, N.W., Suite 6400

Washington, D.C. 20001

11. Within twenty-one (21) days of entry of this Consent Decree, Defendant is ordered to provide all copies of any Covered Materials currently in her possession, custody, or control to counsel of record for the United States. Defendant is also ordered to provide all records in her possession, custody, or control relating to unauthorized reproduction, distribution, and sale of Covered Materials, including but not limited to customer lists, financial records, emails, text messages, direct messages supported by social media platforms, voicemails, letters, and any other correspondence, whether in document, electronic, or other form.

12. Defendant shall not retain in her possession, custody, or control any copies of any Covered Materials. Accordingly, within twenty-one (21) days of entry of this Consent Decree, Defendant shall provide counsel of record for the United States a certification, sworn under penalty of perjury before a local notary, certifying that Defendant no longer has in their possession any Covered Materials.

13. The Consent Decree shall not be modified except in writing by Plaintiff and Defendant and subject to approval by the Court.

14. The undersigned Parties and counsel each represent that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document themselves or the Party they represent.

15. This Consent Decree may be signed by the Parties in counterparts, each of which constitutes an original and all of which constitute and the same Consent Decree. Signatures delivered by facsimile transmission, or as .pdf attachments to emails, shall constitute acceptable, binding signatures for purposes of this Consent Decree.

16. This Consent Decree shall constitute a final judgment and order in this action. Defendant waives all rights to seek judicial or appellate review or otherwise challenge or contest the validity of this order.

17. This Court retains jurisdiction over this action for the purpose of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

SO ORDERED this \_\_\_\_ day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE

IT IS HEREBY AGREED:

## THE UNITED STATES OF AMERICA

                              **KENNETH L. PARKER**
                              **UNITED STATES ATTORNEY**

_____        _____
DATED                                **MICHAEL J.T. DOWNEY**,
                                        Illinois No. 6312701
                                        Assistant U.S. Attorney
                                        303 Marconi Boulevard, Suite 200
                                        Columbus, Ohio 43215
                                        Tel.: (614) 469-5715
                                        Michael.Downey@usdoj.gov

                              **GUSTAV W. EYLER**
                              Director,
                              Consumer Protection Branch

                              **JACQUELINE BLAESI-FREED**
                              Assistant Director

                              *Yolanda McCray Jones*
May 10, 2022                               _____
_____
DATED                                 **YOLANDA McCRAY JONES**
                                        Trial Attorney
                                        U.S. Department of Justice
                                        450 5th Street N.W., Suite 6400-S
                                        Washington, D.C. 20001
                                        Tel.: (202) 305-7016
                                        Yolanda.d.mccray.jones@usdoj.gov

                                        **JAIME ANN YAVELBERG**
                                        Director,
                                        Civil Division, Fraud Section

                                        **ANDY MAO**
                                        Deputy Director

May 10, 2022                                 *Christopher Reimer*
DATED                                        **CHRISTOPHER R.B. REIMER**
                                             Trial Attorney
                                             U.S Department of Justice
                                             P.O. Box 261, Ben Franklin Station
                                             Washington, D.C., 20044
                                             Tel.: (202) 305-3829
                                             Christopher.r.reimer@usdoj.gov

                                    **DEFENDANT**

5/6/2022                                              *TKeller*
DATED                                              **TIFFANY BETH KELLER**
                                             Defendant